ISRAEL G. BEAUMONT, Defendant in Error, *v.* ISAAC H. KEIM *et al.*, Plaintiffs in Error.

1. *Wills, statute of — Destruction and revival of wills.*— Under the law as passed in 1845 (see Wagn. Stat. 1366, § 12), the first will is not revived by the destruction of the last, except where an intention to that effect is expressed at the time of the destruction, or where the first will is republished.

*Error to St. Louis Circuit Court.*

*W. B. Napton*, for plaintiffs in error.

*T. T. Gantt*, for defendant in error.

ADAMS, Judge, delivered the opinion of the court.

This was a proceeding under the statute concerning wills, contesting the validity of a will made by Mrs. D. Beaumont on the 9th of May, 1867, and admitted to probate in common form by the Probate Court of St. Louis county on the 31st of October, 1870. The petition and the facts show that Mrs. Beaumont executed two wills, one in 1867 as above stated, and the other in 1869, and the allegation is that she destroyed the last will. Each will disposed of her entire estate, but the disposition made by

Beaumont v. Keim et al.

the one varied from that made by the other.   The first will was found in an envelope marked in the handwriting of the testatrix as follows:  "Deborah Beaumont's will, June 24, 1869."

The case was submitted to the court sitting as a jury, and the court found that the script or first will that was probated was not the will of the deceased. · The defendants appealed to the general term, where the verdict and judgment was affirmed, and they have brought the case here on writ of error.

Section 12 of the statute of wills (Wagn. Stat. 1366) reads as follows:  "If, after making any will, the testator shall duly make and execute a second will, the destruction, canceling, or revocation of such second will shall not revive the first will, unless it appear by the terms of such revocation that it was his intention to revive and give effect to the first will, or unless he shall duly republish his first will."   This section appears in the revision of our laws for the first time in 1845, and has been continued in all the subsequent revisions.

The last will was not found at the place where it should have been, and we must infer from this that it was destroyed by the testatrix.   Nothing appears of the mode of this destruction, and therefore nothing can appear respecting the terms of the revocation thereby wrought.   The language of the section referred to is too plain to admit of doubt as to its proper construction.   The first will was not revived by the destruction of the last will, as that could only be done by an intention to that effect, expressed at the time of such destruction, or by republishing the first will. This is the plain meaning of the terms used in this section.   The old rule was otherwise.   The destruction of the last will under the old rule, without any intention shown as to the purpose, revived the first will.   But our statute creates a new rule which necessarily repeals the old one.

Let the judgment be affirmed.   The other judges concur.